UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO: 8:94-CR-289-T-17MAP

JERRY LEE HODO
_____/

**O R D E R**

This cause comes on for consideration of Defendant's motion styled "Pro Se Petition for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2)" (D-154).

This is Defendant's second motion seeking a reduction in sentence under Amendment 750 of the Sentencing Guidelines. The Court denied Defendant's previous motion by order dated January 4, 2012.

Defendant now argues that he is entitled to a reduction in sentence because he received at sentencing a downward departure on the grounds that the career offender criminal history category VI overrepresented his criminal record. This departure, however, had no effect on defendant's offense level. As such, Defendant is not eligible for a reduction in sentence under Amendment 750. See United States v. Moore, 541 F.3d 1323, 1327-28 (11th Cir. 2008) (defendant sentenced as career offenders are not eligible for a sentence reduction

under Amendment 706), cert. denied, McFadden v. United States, ---U.S. ----, 129 S.Ct. 965, 173 L.Ed.2d 156 (2009) and cert. denied, --- U.S. ----, 129 S.Ct. 1601, 173 L.Ed.2d 689 (2009); United States v. Tucker, 332 Fed. Appx. 563, 564 (11th Cir. 2009) (per curiam) (the district court correctly concluded defendant designated a career offender was not eligible for reduction in sentence pursuant to Amendment 706 where the court previously departed downward on criminal history but not offense level), cert. denied, --- U.S. ----, 130 S.Ct. 1736 (2010).

IT IS therefore ORDERED that:

1) Defendant's motion styled "Pro Se Petition for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2)" (D-154) is DENIED.

DONE AND ORDERED in Tampa, Florida, this 9th day of January, 2012.

WILLIAM J. CASTAGNA
SENIOR UNITED STATES DISTRICT